IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

## CHRISTOPHER A. JOHNSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 241379, 241380, & 241880      Douglas A. Meyer, Judge**

_____

**No. E2004-01122-CCA-R3-CD - Filed December 15, 2004**

_____

The Defendant, Christopher A. Johnson, seeks to appeal as of right from the trial court's denial of his "Petition to Enforce the Plea Agreement." The State argues that this appeal should be dismissed because an appeal as of right does not lie from a trial court's denial of a petition to enforce a plea agreement. We agree with the State's argument and dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Christopher A. Johnson, Chattanooga, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and William H. Cox, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 13, 2003, the Defendant pled guilty to and was convicted of Class E felony forgery, Class A misdemeanor theft, and Class A misdemeanor possession of drug paraphernalia. Pursuant to his plea agreement, additional charges against the Defendant were dismissed and he received agreed concurrent sentences of two years for the felony and eleven months and twenty-nine days for each misdemeanor. Also pursuant to his plea agreement, his sentences were suspended and he was placed on supervised probation for two years.

On January 12, 2004, the Defendant filed his "Petition to Enforce the Plea Agreement." In the petition, the Defendant alleged that the State had breached his plea agreement because the Department of Correction computed his sentences as running consecutive to a prior ten-year sentence from which he was on parole. The Defendant asserts that because his sentence has been computed

in this manner, his probation period has been extended to November 24, 2005, and "this is not what [Petitioner] pled to."

The trial court conducted a hearing on the Defendant's petition. At this hearing, the State pointed out that the Defendant had filed a post-conviction petition challenging his convictions for the same reason stated in his petition to enforce his plea agreement. Counsel had been appointed to represent the Defendant in the post-conviction proceeding, which was pending in the trial court. In essence, the Defendant argued that the trial court should order the Defendant's two-year probationary sentence to be served concurrently with the balance of the ten-year sentence he had been serving on parole, because his plea agreement did not provide that his two-year suspended sentence would be served consecutive to the balance of the prior ten-year sentence.[1] In denying the Defendant relief, the trial judge stated, "I'm going to deny the motion because I do not have authority to grant it." It is from the trial court's ruling that the Defendant seeks to appeal as of right.

A defendant in a criminal action may generally appeal as of right from any judgment of conviction entered by a trial court. See Tenn. R. App. P. 3(b). In addition, a defendant may appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding. Id.

In short, an appeal as of right lies from judgments or final orders in specified circumstances which do not apply in this case. See Tenn. R. App. P. 3(b). An appeal as of right does not lie from an order of a trial court denying a petition to enforce a plea agreement. See State v. Mary Christine Whiteside Cook, No. E2000-02802-CCA-R3-CD, 2001 WL 846032 (Tenn. Crim. App., Knoxville, July 27, 2001).

For the reasons stated herein, we dismiss the appeal.

_____
DAVID H. WELLES, JUDGE

---

[1] The transcript from the Defendant's guilty plea hearing is contained in the record on appeal. No mention of the prior ten-year sentence, or the fact that Defendant was on parole, is found in the transcript. The Defendant's petition to enter his guilty plea, also in the record on appeal, likewise fails to mention the prior sentence from which the Defendant was on parole. It appears that at the time of the Defendant's guilty pleas, the trial court was not aware that the Defendant was on parole.